Matthew M. Levy, J.
The action is brought to enforce a mechanic’s lien. This is a motion by all of the defendants except the 104 Mac Realty, Inc. to dismiss the complaint for legal insufficiency on its face (Rules Civ. Prac., rule 106, subd. 4).
It is crystal clear that no cause of action has been asserted against the individual defendant. This is now recognized by the plaintiff, who in its brief consents to the dismissal of the complaint against that defendant.
As to the other moving defendants, the heart of the complaint is concentrated in paragraphs Seventh, Eighth and Ninth. These show that an agreement was made with the defendant lessee, Hodes-Daniel Co., Inc., for the plaintiff to perform extra and additional work consisting of changing, modifying or adding to existing plans and specifications in connection with a structure being erected on described premises; that the plaintiff entered upon performance of the work with the consent of the owner, the defendant the 104 Mac Realty, Inc., and that, on a certain date, the plaintiff finished performance. In addition, plaintiff claims a fixed sum for the work, based upon agreed price and reasonable value.
I suppose that the plaintiff should have used the magic word “due”, in respect of its performance, as indicated in rule 92 of the Rules of Civil Practice. But the plaintiff does allege that it “ did [on a specified date] finish performing all of the conditions of the said agreement on its part to be performed This should suffice, for, in either case, the allegation of performance is stated as a legal conclusion.
The movants urge further that the nature of the work agreed upon or performed is nowhere stated in the complaint. As to that, I think the pleading is still not vulnerable on the present attack. This is not a motion to make the complaint more definite and certain (Rules Civ. Prac., rule 102). It is axiomatic that on a motion such as that now made the pleading is to be liberally construed, where possible, in favor of the pleader. The substance alone of the complaint may be considered. Perfection of form or of terminology or other manifestations of artistry in pleading are, generally speaking, not required. While the pertinent allegations here are not models of good pleading, *1072 that does not in itself render the complaint dismissible for insufficiency.
Accordingly, the motion is granted as to the individual defendant and denied as to the others.